**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LEE ANTHONY BROWN,**

**Plaintiff,**

**v.** **Case No. 26-C-1333**

**DR. LABBY, NANCY BOWENS,**
**TRACY THOMPSON, DR. TSAI, and**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Lee Anthony Brown, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $18.81. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown explains that he suffers from chronic knee pain from a decade-old injury. In 2020, he reinjured his knee and diagnostic testing confirmed structural knee damage. At that time, Dr. Labby ordered diagnostic tests, crutches, a wheelchair, an ice bag, a low bunk/tier restriction, and a special needs designation. An offsite specialist recommended conservative treatment before surgical intervention would be considered. Not long after reinjuring his knee, Brown was transferred to a different institution, where all of his accommodations and restrictions were discontinued. Brown asserts he was housed on the top tier and assigned a top bunk; his roommate was disabled and kept a wheelchair and walker in their cell. Brown asserts that he filed complaints about the dangers of having to navigate his roommate's wheelchair and walker. He also asserts that he requested accommodations for his knee pain, including a low-tier/bunk restriction.

Brown asserts that, at his then-new institution, he was first examined by Defendant Nancy Bowens on February 1, 2021. Bowens ordered an x-ray and physical therapy, which Brown asserts did not effectively address his condition. In March 2021, Brown twisted his knee, his knee popped out of socket, and he fell over his roommate's wheelchair. Brown requested treatment and a special needs accommodation, but the special needs committee denied his request, stating that the requested accommodations were not medically necessary. The Americans with Disabilities Act (ADA) coordinator also denied his reasonable accommodations request.

Also in March 2021, Brown was examined offsite by Defendant Dr. Tsai, an orthopedist. According to Brown, Dr. Tsai informed him that ACL surgery was not warranted and he was too young for a total knee replacement. Brown eventually requested a second opinion. Brown notes

that no MRI was ordered, even though he repeatedly requested one. In May 2021, Brown was examined by a nurse in response to complaints of pain. Brown asserts that he was evaluated by Bowens, but she refused to provide any treatment alternatives other than pain medication. In May 2022, Defendant Tracy Thompson took over Brown's care. Brown informed Thompson that he tried to work out regularly but was still in pain. He complained that medication was ineffective and that his knee brace had been taken away. He states she provided only topical gel. In December 2022, Thompson denied his requests for a low-tier/bunk restriction and medical shoes because she did not think they were medically necessary. She prescribed a medication, but it gave Brown migraines, so he stopped taking it.

Brown asserts that in 2024 and 2025, "his reasonable accommodations were denied after the ADA coordinator stated that his issue was not an ADA issue." He states that his inmate complaints about the denial of his requests were also denied. In September 2025, Brown was transferred to Stanley where he received a knee brace, ice therapy, cortisone injections, and hyaluronic acid injections. Dkt. No. 1.

## THE COURT'S ANALYSIS

As Brown acknowledges, this is not his first lawsuit alleging inadequate responses to his complaints of chronic knee pain. In April 2021, Brown sued dozens of Defendants based on allegations similar (if not identical) to those he raises in his current case. *See Brown v. Fromolz*, No. 21-cv-542-bhl (E.D. Wis.). Eventually, on Brown's constitutional claim, summary judgment was granted on the merits, and on Brown's ADA claim, summary judgment was granted based on Brown's failure to exhaust the administrative remedies. *See Brown v. Fromolz*, Dkt. Nos. 27, 68.

In this action, Brown acknowledges that his current providers have been responsive to his complaints of knee pain, including by providing him with a knee brace, ice therapy, cortisone

injections, and hyaluronic acid injections. However, he has decided to rehash allegations against prior providers based on their treatment decisions from years ago at two different institutions. Specifically, Brown alleges that, from 2020 through 2022, Dr. Labby, Bowens, Thompson, and Dr. Tsai either ignored or downplayed his complaints of knee pain and failed to provide him with adequate treatment and accommodations. While it may be that Brown's claims are barred by principles of claim preclusion or res judicata, the record is not sufficient for the Court to make that determination as a matter of law. Nevertheless, for the reasons explained below, these claims are barred by Wisconsin's three-year statute of limitations.

Although "a plaintiff need not anticipate or rebut a statute-of-limitations defense in his complaint . . . dismissal is appropriate if . . . the allegations in the complaint make the statute of limitations an impenetrable bar to recovery." *Sellers v. Milwaukee Cnty.*, No. 22-3151, 2025 WL 958258, at *1 (7th Cir. March 31, 2025). Under federal law, a claim accrues when a party knows or should have known that the defendant violated his constitutional rights. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). The limitations period for §1983 actions arising in Wisconsin is three years. *See* Wis. Stat. §893.54 (2018). Accordingly, Brown was required to bring his claims against Dr. Labby, Bowens, Thompson, and Dr. Tsai before December 2025. Brown waited until August 2026, months beyond the expiration of the limitations period. Accordingly, Brown's claims against these Defendants are time-barred and must be dismissed.

Brown also fails to state an ADA claim based on allegations that his requests for accommodations were denied based on statements that his issues were not ADA issues. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Brown provides no factual allegations to support this legal conclusion. He does not allege when he filed his requests, what information

he included in his requests, or who responded to his requests. Moreover, the Court cannot reasonably infer from Brown's description of his chronic knee pain that he was "disabled" as defined in the ADA. The Seventh Circuit long ago held that not all injuries are a "disability" under the ADA. *Brown v. Fromolz*, Dkt. No. 68 at 5 (citing *Rooney v. Koch Air, LLC*, 410 F.3d 376, 381 (7th Cir. 2005)). To be "disabled," an individual must be so limited in "one or more major life activities" that he is impaired in his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and work. *Id.*; *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012); *see also* 42 U.S.C. §12102(1)(A). The mere fact that Brown, like many older adults, experiences pain and discomfort in his knee, is insufficient for the Court to reasonably infer that Brown is "disabled." Indeed, Brown characterizes himself as "an active person who ran and exercised" and states that "he trie[s] to work out regularly." Put plainly, Brown may experience some pain while he walks or sleeps (an unfortunate reality for nearly all aging adults), but that unadorned allegation is too vague for the Court to reasonably infer that Brown is "disabled." Brown therefore fails to state a claim under the ADA.

Also, as an aside, Brown's complaint suggests that he may not have exhausted the available administrative remedies on his proposed ADA claim prior to filing this lawsuit, as required by 42 U.S.C. §1997e(a). As Brown is aware, a failure to exhaust administrative remedies is an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 211–12 (2007), so the Court need not resolve that issue now. But if Brown did not complete *every step* in the grievance process, his complaint would be subject to dismissal. *Perez v. Wisconsin Dep't of Corr*., 182 F.3d 532, 535 (7th Cir. 1999). Brown alleges that he filed inmate complaints about the accommodation denials, but he does not allege that he appealed the denials of his inmate complaints. Instead, Brown appears to

suggest that the administrative remedies were "unavailable" to him because his inmate complaints were denied. But the "unavailability" doctrine applies to the grievance process itself, not to the remedy that is sought through the grievance process. The fact that an inmate complaint is denied does not render the administrative remedies "unavailable." The opportunity to challenge the denial of an inmate complaint is why appeals are offered.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Brown believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **October 13, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Brown's failure to state a claim in his original complaint. If Brown does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 13, 2026**, Brown may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $331.19 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 18th day of September, 2026.

William C. Griesbach
United States District Judge